UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00690-JPH-TAB |
| ) | |
| ERIC HOLCOMB, ) | |
| GWENDOLYN HORTH, ) | |
| KRISTINE JOHNSON, ) | |
| ZACH ZIMMERMAN, ) | |
| B. PETERSON, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION SCREENING COMPLAINT**

Plaintiff Leon Jennings is a prisoner incarcerated at New Castle Correctional Facility. He filed this civil action alleging that Defendants breached a contract and that he is entitled to immediate release from prison. Because Jennings is a prisoner, this Court has an obligation to screen the complaint before service on Defendants. 28 U.S.C. § 1915A(a), (c).

**I.   Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.    The Complaint

Jennings is serving a 40-year sentence imposed in cause number 71D01-9801-CF-0029 in 1999. *See* Indiana Department of Correction, Indiana Incarcerated Database.[1] He was released on parole, and on November 18, 2018, his parole officer, Defendant B. Peterson, notified him that he was being charged with two rule violations. [Filing No. 1 at p. 8.] Jennings pleaded guilty. [Filing No. 1, at ECF p. 8.]. Jennings alleges that as a part of his guilty plea, he entered into a contract with the Indiana Department of Parole requiring him to only serve a 45-day period of incarceration. Instead, he alleges that the Department of Parole breached that contract and as a result he is forced to serve a 10-year sentence instead of the 45-day term incarceration the parties agreed upon. [Filing No. 1, at ECF p. 5-6.] Jennings attached a recommendation form signed by him and his parole agent on November 18, 2018, that recommends short term incarceration of 45 days. [Filing No. 1-1.]

Jennings has sued Eric Holcomb, Governor of Indiana; Gwendolyn Horth, Director of the Indiana Parole Board; Kristine Johnson, Supervisor of Parole District #8; Zach Zimmerman, Assistant Supervisor of Parole District #8; and his parole officer, Peterson. Jennings brings this

---

[1] Available at: https://www.in.gov/apps/indcorrection/ofs/ofs?lname=jennings&fname=leon&search1.x=64&search1.y=10

action pursuant to 42 U.S.C. § 1983. [Filing No. 1, at ECF p. 4.] Jennings seeks money damages and immediate release from prison. [Filing No. 1, at ECP. 12.]

**III.     Dismissal**

The complaint should be dismissed. Jennings seeks immediate release from custody. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). "In *Heck v. Humphrey*, [the Supreme Court] held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citation omitted). In *Heck* and related decisions, the Supreme Court "focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

Jennings seeks to enforce what he alleges is a binding plea agreement between himself and the Parole Department which entitles him to immediate release. Accordingly, Jennings's complaint is not cognizable. It fails to state a claim upon which relief may be granted and should be dismissed. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Johnson v. Winstead*, 900 F.3d 428, 436 (7th Cir. 2018) (*Heck*-barred claims must be dismissed). The dismissal should be without prejudice. *Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019).

### IV. Opportunity to Show Cause

Jennings should be given **through August 22, 2022,** to show cause why judgment consistent with this order should not issue. See *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954-55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

Any objection to this report and recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 7/21/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

LEON JENNINGS
985926
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362